UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY MURPHY, JANE DOE, PATRICIA AZEVEDO, ANDREA GONZALES and MONICA DAVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>HOUSING AUTHORITY OF THE COUNTY OF KERN and STEPHEN PELZ, in his official capacity as Executive Director of the Housing Authority of the County of Kern, and Does 1 through 10,<br><br>Defendants. | Case No. 1:14-cv-00776-JLT<br><br>**STIPULATED PROTECTIVE ORDER ALLOWING JANE DOE TO PROCEED USING A PSEUDONYM AND REQUIRING THE PARTIES TO FILE DOCUMENTS REVEALING HER TRUE IDENTITY UNDER SEAL OR WITH APPROPRIATE REDACTIONS** |

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that Plaintiff Jane Doe may proceed in the above-captioned case using a pseudonym. Because Ms. Doe was a witness in a federal attempted murder case and is in danger of reprisal should her true identity be revealed, the parties agree to take all necessary steps to protect her true identity.

It is further agreed that all documents filed in this case which reference or refer to Jane Doe's true identity or identifying information shall be redacted or filed under seal in order to protect Jane Doe's safety. Identifying information includes but is not limited to name, date of birth, social security number, current address and past addresses.  In accordance with Federal Rule of Civil Procedure 5.2, the parties

also agree to redact any document containing identifying information for Jane Doe's children.

This stipulation is entered into by the parties following the Court's June 2, 2014 order granting Plaintiff Jane Doe's request to use a pseudonym in the above-captioned case and to redact documents containing information that reveals her identity pending the parties' presentation of an appropriate protective order. This stipulated protective order is intended to encompass all forms of disclosure which might contain information revealing Jane Doe's true identity, including any document, pleading, motion, exhibit, declaration, affidavit, transcript, witness testimony, statements made during interviews, meetings between counsel, and any tangible item including electronic medium and photographs.

As Plaintiffs have informed Defendants of Jane Doe's true identity, the parties agree that Defendants are not prejudiced by Jane Doe's use of a pseudonym in this case.

In order to protect Jane Doe's safety, the parties agree that any document revealing her identity will be filed under seal except that to the extent her true identity can be protected through redaction alone, documents must be redacted instead of sealed. No document filed under seal shall be open to inspection, except as provided herein.

Plaintiffs and Defendants agree that counsel of record in this action may review any sealed documents and may reveal Plaintiff's true identity (or any information or distinguishing characteristics which could reveal Plaintiff's true identity) only to other counsel of record and their staff and retained consultants to the extent necessary to litigate this action, by operation of law or pursuant to court order. The parties further agree that Defendant Stephen Pelz and the Housing Authority of the County of Kern (Housing Authority) personnel may also view such sealed documents solely to the extent necessary to defend this litigation, by operation of law or pursuant to court order, or as determined by the Executive Director of the Housing Authority to be required for Housing Authority business. Plaintiff Jane Doe may view any sealed documents that reveal her true identity.

This protective order shall be without prejudice as to the right of any party to oppose production of any information or object to its admissibility into evidence.

If either party believes a document has been sealed or redacted improperly the parties will make good faith efforts to resolve the issue without the assistance of the Court. In the event the parties cannot resolve the dispute, the party disputing the use of redaction or filing under seal may file a motion to unseal or to remove redactions.

When any counsel of record in this case becomes aware of a violation of this protective order, such attorney shall report to all counsel of record that there may have been a violation of this protective order. At that time, counsel shall meet and confer in good faith to determine how to remedy the violation in order to protect Jane Doe's safety.

The parties agree to make all good faith efforts to carefully review all documents filed in this case to ensure that any identifying information is appropriately redacted, or that the document is filed under seal.

After the termination of this case, the provisions of this protective order shall continue to be binding. SO STIPULATED.

### ORDER

Finding that the public will not be prevented from observing this Court's proceedings or rulings by implementation of the parties' stipulated protective order, it is ORDERED that the above stipulated protective order go into effect immediately.

IT IS SO ORDERED.

Dated:   **July 18, 2014**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE