**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRITTNEY MURPHY, et al., | Case No.: 1:14-cv-00776 JLT |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' REQUEST TO SEAL DOCUMENTS |
| v. | |
| HOUSING AUTHORITY OF THE COUNTY OF KERN, et al., | (Doc. 31) |
| Defendants. | |

Before Court is the request of Defendants to seal pages of exhibits offered in opposition to the motion for preliminary injunction. For the reasons set forth below, the request is **GRANTED.**

**I.   Legal Authority**

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v.

1  Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu,
2  447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th
3  Cir.2003).  Documents may be sealed only when the compelling reasons for doing so outweigh the
4  public's right of access. EEOC at 170.  In evaluating the request, the Court considers the "public
5  interest in understanding the judicial process" against the private interests of the litigants. Valley
6  Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

7       Here, Defendants rely upon the protective order issued in this case designed to protect the
8  identity of one of the plaintiffs for reasons unrelated to this litigation.  (Doc. 33)  For the reasons set
9  forth in the protective order (Doc. 33), this information is properly sealed. Id.; In re Spalding Sports
10 Worldwide, Inc., 203 F.3d 805, 806 (Fed. Cir. 2000); China Intl Travel Servs. (USA) v. China & Asia
11 Travel Serv., 2008 U.S. Dist. LEXIS 106622 at *29 (N.D. Cal. Dec. 18, 2008); Mine O'Mine, Inc. v.
12 Calmese, 2012 U.S. Dist. LEXIS 53077 at *10 (D. Nev. Apr. 16, 2012). Thus, Defendants' motion is
13 **GRANTED**.

14 **ORDER**

15      Based upon the foregoing, the Court **ORDERS**:

16      1.    The motion is **GRANTED** and the Clerk of the Court is **DIRECTED** to file the
17 documents **under seal**.

18
19 IT IS SO ORDERED.

20     Dated:   **July 18, 2014**          **/s/ Jennifer L. Thurston**
21                                       UNITED STATES MAGISTRATE JUDGE